Citation Nr: 1811321 
Decision Date: 02/22/18 Archive Date: 03/06/18

DOCKET NO. 14-19 239 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUE

Entitlement to service connection for post-traumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: James G. Fausone, Attorney 


ATTORNEY FOR THE BOARD

Erin J. Carroll, Associate Counsel




INTRODUCTION

The Veteran served on active duty from January 1967 to October 1970. The appellant is the Veteran's surviving spouse.
 
This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The appellant asserts that the Veteran's PTSD was related to combat exposure while serving in the Republic of Vietnam. Initially, the Board notes that post-service treatment records confirm that the Veteran was diagnosed with PTSD prior to his death. Indeed, a January 16, 2009, VA Treatment Record noted the treatment provider's findings that the Veteran met the criteria for a diagnosis of PTSD. Additionally, post-service treatment records documented his participation in therapy that was prescribed for PTSD, as well as positive PTSD screenings.

Prior to his death, the Veteran reported that he participated in combat operations while aboard the USS Ranger in January 1968. Specifically, he contended that he was stationed in the Sea of Japan in connection with the USS Pueblo incident on January 26, 1968. 

Based upon the evidence of record, the Board finds the Veteran's reports of combat exposure during service to be credible. Specifically, a Defense Personnel Records Information Retrieval System (DPRIS) document received in March 2010 determined that the USS Ranger conducted special operations at Yankee Station in the Gulf of Tonkin (referred to as a "combat zone") between January 7, 1968, and January 27, 1968. The DPRIS record further indicated that the USS Ranger was sent to the Sea of Japan on January 27, 1968, to assist with contingency operations after the attack of the USS Pueblo, and remained there conducting such operations until March 1968.

Notably, the Veteran submitted a military personnel record, referred to as a Tuberculosis Contact Follow-Up, which confirmed that he was stationed on the USS Ranger in January 1968. Combined with the DPRIS response, this evidence indicates that the Veteran was stationed in the Sea of Japan in January 1968 and was involved in combat operations at that time. Thus, the Board finds that there has been adequate independent corroboration of the occurrence of the in-service event or stressor involving combat exposure. 

The Veteran was not afforded a VA psychological examination prior to his death, but based upon the documentation of combat exposure during service, as well as the evidence of a diagnosis of PTSD after separation from service, the Board finds that a remand of the claim is warranted in order to obtain a VA opinion which addresses the nature and etiology of the Veteran's PTSD prior to his death. See McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the file any outstanding VA treatment records prior to the Veteran's death.

2. With appropriate authorization from the appellant, obtain and associate with the record any outstanding private treatment records identified by her as pertinent to her claim.

3. After the above development has been completed to the extent possible, send the claims file to a VA examiner for an opinion as to whether the Veteran's claimed PTSD, and any other psychological disorder, was related to his military service.

The electronic claims file, to include the Veteran's service treatment records, service personnel records, post-service treatment records, and supporting lay statements, must be reviewed by the examiner, and a note that it was reviewed should be included in the report. 

Following a review of the record, the examiner is asked to accomplish the following: 

a) Identify all psychiatric disorders present prior to the Veteran's death.

b) For each currently diagnosed psychiatric disorder, to include PTSD, the examiner should offer an opinion as to whether it is at least as likely as not (i.e., a 50 percent or greater probability) that any such disorder is related to his active duty service, to include combat exposure. 

In rendering the requested opinion regarding PTSD, if and only if a diagnosis of PTSD is made, the examiner is instructed to only consider the Veteran's corroborated combat exposure while stationed on the USS Ranger in January 1968, and opine whether it is as likely as not that such stressor alone resulted either wholly or at least partially in the Veteran's PTSD prior to his death.

All opinions provided should be thoroughly explained. If any requested opinion cannot be provided without resort to speculation, the examiner should so state and explain why an opinion cannot be provided without resort to speculation.

4. After undertaking any other development deemed appropriate, the AOJ should readjudicate the issue on appeal. If the benefit sought is not granted, the AOJ should issue a supplemental statement of the case and provide the appellant, and her representative, with an appropriate opportunity to respond. The case should then be returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
H. M. WALKER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).